

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4 24 08

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANTHONY CICALO,

      Plaintiff,

  - against -

HARRAH'S OPERATING COMPANY,
INC., HARRAH'S ENTERTAINMENT,
INC., MARINA ASSOCIATES d/b/a
HARRAH'S ATLANTIC CITY,
HARRAH'S ATLANTIC CITY, INC.
and HARRAH'S NEW JERSEY, INC.,
all d/b/a HARRAH'S HOTEL
CASINO,

      Defendants.

**OPINION AND ORDER**

06 Civ. 221(PKL)

**APPEARANCES**

MICHAEL KASZUBSKI, P.C.
Michael Kaszubski, Esq.
20 Broadhollow Road, Suite 2010
Melville, NY 11747

Attorney for Plaintiff

CAMACHO MAURO MULHOLLAND, LLP
Christopher C. Mauro, Esq.
350 Fifth Avenue, Suite 4702
New York, NY 10118

Attorney for Defendants

**LEISURE, District Judge:**

Plaintiff Anthony Cicalo ("Cicalo") brings this action for damages after sustaining injuries from a fall while at Harrah's Hotel Casino in Atlantic City, New Jersey. Defendants Harrah's Operating Company, Inc. ("HOC"), Harrah's Entertainment, Inc. ("HEI"), Marina Associates d/b/a Harrah's Atlantic City ("Marina"), Harrah's Atlantic City, Inc. ("HAC"), and Harrah's New Jersey, Inc. ("HNJ"), all d/b/a Harrah's Hotel Casino[1] (collectively, the "defendants"), move to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(2) for lack of personal jurisdiction and 12(b)(3) for improper venue, or in the alternative, to transfer the action. For the reasons set forth herein, defendants' motion to dismiss as to HOC is DENIED with prejudice and the motion to dismiss as to the remaining defendants is DENIED without prejudice. Defendants' motion to transfer is DENIED.

## BACKGROUND

Cicalo alleges that, on September 20, 2002, he fell and suffered injuries at Harrah's Hotel Casino in Atlantic City after a chair he was sitting on broke. (Complaint ¶¶ 40-42, 45-46; Opp. Affirm.) He attributes his fall to a

---

[1] Plaintiff refers to the casino where the incident giving rise to this action took place as "Harrah's Hotel Casino", but defendants refer to it as "Harrah's Casino Hotel Atlantic City". For simplicity, the Court will adopt plaintiff's terminology.

1

dangerous or defective condition, of which defendants had notice, caused by defendants' carelessness, negligence, or recklessness. (Complaint ¶¶ 43-44, 47.)

Harrah's Hotel Casino is owned, operated, and managed by Marina. (Answer ¶ 27; Res. to Inter. ¶ 2.) Marina is a New Jersey partnership formed by HNJ and HAC, both of which are New Jersey corporations, (Res. to Inter. ¶ 1; Anderson Aff. Ex. E. ¶¶ 5-6), with their principal places of business in Atlantic City, New Jersey. (Notice of Removal ¶ 9.) Defendants HOC and HEI are Delaware corporations that maintain their principal places of business outside of New York. (Res. to Inter. ¶ 1; Anderson Aff. Ex. E. ¶¶ 3-4.) HOC, however, is authorized as a Foreign Business Corporation in New York County. (Res. to Inter. ¶ 1.) Plaintiff alleges that HOC and HEI acted as agents of the other defendants in New York. (Complaint ¶¶ 4-5, 9-12; Opp. Affirm.)

This action came to this Court on January 11, 2006, upon removal from the Supreme Court of the State of New York. Defendants filed an answer the next day, preserving their objections to personal jurisdiction and venue. At a pre-trial conference on June 14, 2006, this Court set a schedule for interrogatories that plaintiff sought to serve in an effort to obtain information concerning the nexus

between defendants and New York.  Defendants filed a

response to the interrogatories on October 27, 2006, in

which they objected to a large number of the questions as

being overbroad, burdensome, and oppressive, not calculated

to lead to the discovery of relevant or admissible evidence

on the issue of jurisdiction, or in violation of Rule

33.3(a) and (b) of the Local Rules of Practice of the

United States District Court for the Southern and Eastern

Districts of New York.  Thereafter, on November 13, 2006,

defendants filed this motion.

**DISCUSSION**

I.    Personal Jurisdiction

The plaintiff bears the burden of proving that the

Court has jurisdiction over the defendant. Metro. Life Ins.

Co. v. Robertson-Ceco Corp., 84 F.3d 560, 566 (2d Cir.

1996).  The plaintiff's burden, however, is determined by

the procedural posture of the case. Ball v. Metallurgie

Hoboken-Overpelt, S.A., 902 F.2d 194, 197 (2d Cir. 1990)

(Newman, J.).  "Prior to discovery, a plaintiff may defeat

a motion to dismiss based on legally sufficient allegations

of jurisdiction." Metro. Life Ins., 84 F.3d at 566.

"[W]here the issue is addressed on affidavits, all

allegations are construed in the light most favorable to

the plaintiff and doubts are resolved in the plaintiff's

favor, notwithstanding a controverting presentation by the moving party." A.I. Trade Fin., Inc. v. Petra Bank, 989 F.2d 76, 79-80 (2d Cir. 1993).

There are two types of personal jurisdiction that a court may exercise over a defendant: general and specific. See Helicopteros Nacionales de Colombia v. Hall, 466 U.S. 408, 414 (1984). In order for a court to exercise general jurisdiction, plaintiff's claim need not arise out of defendant's contacts with the forum state, but defendant's contacts must be substantial. See N.Y. C.P.L.R. § 301 (McKinney 2001). For specific jurisdiction, defendant's contacts with the forum state need not be as substantial, but plaintiff's claim must arise out of the contacts. See id. § 302. "New York law governs personal jurisdiction over nondomiciliaries in a diversity action brought in a court sitting in New York." Cooper v. Greyhound Lines, Inc., No. 93 Civ. 3117, 1994 U.S. Dist. LEXIS 17894, at *2 (S.D.N.Y. Dec. 14, 1994) (Leisure, J.). These two types of jurisdiction are reflected in New York's jurisdictional statutes, see N.Y. C.P.L.R. §§ 301-302, and in the jurisprudence interpreting the due process limits of jurisdiction, see Helicopteros, 466 U.S. at 414. Because plaintiff fails to assert a particular jurisdictional basis in his opposition papers, the Court will extrapolate from

4

plaintiff's arguments and analyze his claims under
§§ 302(a)(1), 302(a)(3), and 301.

    A.    <u>N.Y. C.P.L.R. § 302(a)(1)</u>

    N.Y. C.P.L.R. § 302 is New York's specific personal
jurisdiction statute.  Section 302(a) provides, in relevant
part:

> As to a cause of action arising from any of the
> acts enumerated in this section, a court may
> exercise personal jurisdiction over any non-
> domiciliary . . . who in person or through an
> agent: (1) transacts any business within the
> state . . . .

N.Y. C.P.L.R. § 302(a)(1).  The section "requires an
articulable nexus, a substantial relationship, between the
New York activity, business or transaction and the asserted
claim and injury," in order for the Court to obtain
jurisdiction.  <u>Chamberlain v. Peak</u>, 155 A.D.2d 768, 769, 547
N.Y.S.2d 706, 707 (3d Dep't 1989).

    Cicalo claims that Marina, HAC, and HNJ regularly
solicit business in New York, (Complaint ¶¶ 6, 13-14), and
that he received a solicitation at his home in New York to
visit Harrah's Hotel Casino in New Jersey. (Opp. Affirm.)
Solicitation within New York for activity outside New York
is not sufficient, without more, to establish jurisdiction
under § 302(a)(1).

> The courts in New York consistently have held
> that injuries sustained while participating

> outside the state in recreational activities
> advertised and contracted for within the state,
> bear too remote a relationship to the advertising
> and contractual activity claimed to be the
> transaction of business in the state to warrant a
> conclusion that the injuries arose from the in-
> state activity.

Diskin v. Starck, 538 F. Supp. 877, 880 (E.D.N.Y. 1982)

(finding no jurisdiction under § 302(a)(1) where

"defendants advertised their camp in an annual supplement

to a Catholic newsweekly published in New York, [and] sent

brochures that plaintiffs requested after seeing the

advertisement"). In Chamberlain v. Peak, the Third

Department held that "plaintiff's tort claim originating

from a ski slope injury in Massachusetts[] is too remote

from defendant's New York sales and promotional activities

to support long-arm jurisdiction under CPLR 302(a)(1)."

Chamberlain, 155 A.D.2d at 769, 547 N.Y.S.2d at 707; see

also Sedig v. Okemo Mountain, 204 A.D.2d 709, 710-11, 612

N.Y.S.2d 643, 645 (2d Dep't 1994) (affirming lower court's

dismissal for lack of personal jurisdiction in an action

where a defendant solicited in New York, but the plaintiff

was injured at a ski resort located in Vermont). Here,

Cicalo alleges that he received one solicitation at his

home in New York[2] and does not claim to have contracted with

---

[2] Cicalo does not identify which defendant sent the solicitation nor does he describe the nature of the solicitation.

the defendants in New York.  As such, plaintiff fails to
meet his burden because his injury is too remote from
defendants' solicitation in New York to establish
jurisdiction under § 302(a)(1).

B.    N.Y. C.P.L.R. § 302(a)(3)

Plaintiff's arguments also suggest that jurisdiction
is established under § 302(a)(3), which provides personal
jurisdiction over a non-domiciliary that:

> commits a tortious act without the state causing
> injury to person or property within the state,
> . . . if he
> (i) regularly does or solicits business, or
> engages in any other persistent course of
> conduct, or derives substantial revenue from
> goods used or consumed or services rendered, in
> the state, or
> (ii) expects or should reasonably expect the
> act to have consequences in the state and derives
> substantial revenue from interstate or
> international commerce.

N.Y. C.P.L.R. § 302(a)(3).  Under this statute, a
plaintiff's injury must have occurred in New York. See
Diskin, 538 F. Supp. at 879 ("Although this section
requires the occurrence of tortious conduct outside the
state, its essential predicate is that the injury giving
rise to the plaintiffs' claim occur within the state. . . .
Plaintiffs cannot sustain jurisdiction under § 302(a)(3)
merely by showing that as domiciliaries of this state, they
suffered further damage (either economic or physical), on

account of the earlier injuries sustained outside the state."); McGowan v. Smith, 52 N.Y.2d 268, 273-75, 419 N.E.2d 321, 323-24 (N.Y. 1981) (holding that the requirement under § 302(a)(3) that the tortious act cause injury within the state is not met when a New York resident is injured in Canada by a product purchased in New York). Plaintiff has failed to establish jurisdiction under § 302(a)(3) because he was injured in New Jersey and not in New York.

C.    N.Y. C.P.L.R. § 301

N.Y. C.P.L.R. § 301 is New York's general personal jurisdiction statute, and it "confers general personal jurisdiction over a foreign corporation only where it: 'is engaged in such a continuous and systematic course of "doing business" [in New York] as to warrant a finding of its "presence" in the jurisdiction.'" Cooper, 1994 U.S. Dist. LEXIS 17894, at *2 (quoting Ball, 902 F.2d at 198). To be continuous and systematic, the defendant must "be present in New York 'not occasionally or casually, but with a fair measure of permanence and continuity.'" Landoil Res. Corp. v. Alexander & Alexander Servs., Inc., 918 F.2d 1039, 1043 (2d Cir. 1990) (Sprizzo, J.) (quoting Tauza v. Susquehanna Coal Co., 220 N.Y. 259, 267, 115 N.E. 915, 917 (N.Y. 1917)). This test is "necessarily fact sensitive,"

and in determining whether there is jurisdiction, New York courts have generally looked at factors such as: "the existence of an office in New York; the solicitation of business in New York; the presence of bank accounts or other property in New York; and the presence of employees or agents in New York." Id. (citing Hoffritz for Cutlery, Inc. v. Amajac, Ltd., 763 F.2d 55, 58 (2d Cir. 1985)). With the exception of HOC, plaintiff has not provided sufficient facts for the Court to find jurisdiction over defendants based on these traditional factors.

Defendants admit that HOC is authorized as a Foreign Business Corporation in New York County. (Res. to Inter. ¶ 1.) "[T]he general rule is that a foreign corporation which files a certificate of authority to do business in New York has consented to personal jurisdiction in the state." Amalgamet, Inc. v. Ledoux & Co., 645 F. Supp. 248, 249 (S.D.N.Y. 1986) (Leisure, J.) (citing Augsbury Corp. v. Petrokey Corp., 97 A.D.2d 173, 175, 470 N.Y.S.2d 787, 789 (3d Dep't 1983)). As an authorized foreign corporation in New York, HOC also has designated the Secretary of State as its agent for service of process. See N.Y. Bus. Corp. Law § 304 (McKinney 1986); see also Augsbury Corp., 97 A.D.2d at 175, 470 N.Y.S.2d at 789 (holding that a foreign "corporation's authorization to do business in New York and

9

its concomitant designation of the Secretary of State as its agent for service of process, . . . constitute consent to the court's jurisdiction"). Accordingly, plaintiff has made a prima facie showing of jurisdiction over HOC. Defendants' motion to dismiss, as it relates to HOC, is denied with prejudice.

Plaintiff ostensibly attempts to establish jurisdiction over the remaining defendants through the "solicitation plus" rule. Landoil, 918 F.2d at 1043. Plaintiff asserts that Marina, HAC, and HNJ regularly solicit business in New York. (Complaint ¶¶ 6, 13-14.) While "'solicitation of business alone will not justify a finding of corporate presence,'" Landoil, 918 F.2d at 1043 (quoting Laufer v. Ostrow, 55 N.Y.2d 305, 310, 434 N.E.2d 692, 694 (N.Y. 1982)), it will be enough if the solicitation is substantial and continuous and the defendant engages in other activities of substance in the state. Id. at 1043-44. "[T]he additional activities sufficient to confer jurisdiction under the solicitation plus doctrine 'have involved either some financial or commercial dealings in New York . . . or the defendant holding himself out as operating in New York, either personally or through an agent.'" Grill v. Walt Disney Co., 683 F. Supp. 66, 69 (S.D.N.Y. 1988) (quoting Aquascutum of

London, Inc. v. SS. Am. Champion, 426 F.2d 205, 212 (2d
Cir. 1970) (Friendly, J.)).

To satisfy the "plus" part of the solicitation plus
rule, plaintiff alleges that Marina, HAC, and HNJ receive a
significant portion of their income from New York
residents,[3] that the defendants are related companies,[4] and
that HOC and HEI acted as agents of Marina, HAC, and HNJ.
Jurisdiction over a subsidiary is proper if a parent acts
as an agent of its subsidiary in New York. Freeman v.
Gordon & Breach, Science Publishers, Inc., 398 F. Supp.
519, 521 (S.D.N.Y. 1975) (noting that while it is more
common for a subsidiary's actions to render a parent
company present in New York for jurisdiction, the rules
established for those situations apply equally to
situations where a parent's actions are sought to be
imputed to a subsidiary).

> New York courts have held that a parent
> corporation can be present in the state because
> of the activities of its subsidiary. However,
> the activities must amount to more than the mere
> parent-subsidiary relationship. The parent may
> be subject to jurisdiction where the subsidiary
> 'performs all the business' which the parent

---

[3] Plaintiff has not supported this assertion with any facts or figures.
The Court will consider this factor, if necessary, after jurisdictional
discovery.

[4] The fact that the defendants may be related is not enough to sustain
jurisdiction over all of them. "[T]he mere presence of the parent
[cannot] be deemed additional activity for the purpose of conferring
jurisdiction under the 'solicitation plus' doctrine." Grill, 683 F.
Supp. at 69.

> could do 'were it here by its own officials.'
> Additionally, where the subsidiary is 'in fact,
> if not in name' a branch of the parent, the
> distinctions between the two fall and the parent
> is amenable to New York's jurisdiction.

Tokyo Boeki (U.S.A.), Inc. v. SS Navarino, 324 F. Supp.
361, 366 (S.D.N.Y. 1971) (internal citations omitted).
According to plaintiff, many of the defendants use the same
website and the "website indicates that the Harrah' [sic]
casinos are owned or managed through subsidiaries by
[HEI]." (Opp. Affirm.)  However, plaintiff has failed to
offer additional support for its assertion that an agency
relationship exists between defendants.

The Second Circuit has deemed it appropriate to
dismiss an action for lack of personal jurisdiction where
the plaintiff makes only "conclusory non-fact-specific
jurisdictional allegations." Jazini v. Nissan Motor Co.,
Ltd., 148 F.3d 181, 185 (2d Cir. 1998).  However, "Jazini
did not categorically deny jurisdictional discovery in the
absence of a prima facie showing." Hollins v. U.S. Tennis
Ass'n, 469 F. Supp. 2d 67, 71 (E.D.N.Y. 2006); see Jazini,
148 F.3d at 186 (recognizing "that without discovery it may
be extremely difficult for plaintiffs in the Jazinis'
situation to make a prima facie showing of jurisdiction
over a foreign corporation that they seek to sue in the
federal courts in New York").  Instead, the Second Circuit

12

"distinguishes between allegations that are 'insufficiently developed' warranting discovery and those that are 'sparse' and 'conclusory' requiring dismissal." Hollins, 469 F. Supp. 2d at 71-72. Thus, plaintiff must make a threshold showing that some basis for personal jurisdiction exists. See Ayyash v. Bank Al-Madina, No. 04 Civ. 9201, 2006 U.S. Dist. LEXIS 9677, at *17 (S.D.N.Y. Mar. 9, 2006) (quoting Daval Steel Prods. V. M.V. Juraj Dalmatinac, 718 F. Supp. 159, 162 (S.D.N.Y. 1989)); Uebler v. Boss Media, 363 F. Supp. 2d 499, 506-07 (E.D.N.Y. 2005).

Although plaintiff's allegations regarding the agency relationship between defendants are underdeveloped, he has made a threshold showing under § 301 to warrant jurisdictional discovery. After jurisdictional discovery, plaintiff may be able to provide the facts necessary to establish that defendants meet the solicitation plus rule. The district court has considerable leeway in ruling on a motion to dismiss for lack of personal jurisdiction, Welinsky v. Resort of the World D.N.V., 839 F.2d 928, 930 (2d Cir. 1988), and "[p]re-motion discovery should be permitted where the facts necessary to establish personal jurisdiction and propriety of venue lie exclusively within the defendant's knowledge." Winston & Strawn v. Dong Won Sec. Co., Ltd., No. 02 Civ. 183, 2002 U.S. Dist. LEXIS

20952, at *16 (S.D.N.Y. Nov. 4, 2002) (Sweet, J.). Rather than ruling based on affidavits alone, the Court will be positioned to make a more informed decision following jurisdictional discovery. Id. Therefore, the motion to dismiss on jurisdictional grounds, as it relates to Marina, HNJ, HAC, and HEI, is denied.

The Court orders the parties to conduct limited and expedited discovery regarding the above jurisdictional issues. As part of this discovery, defendants are ordered to provide substantive answers to plaintiff's interrogatories no later than fourteen (14) days from the entry of this order, notwithstanding their objections that interrogatories 1-10 violate Local Civil Rule 33.3(a) and (b). In this case, interrogatories provide the most practical means to obtain the information necessary to assess whether this Court has jurisdiction over defendants. If necessary, the parties may also request documents or take depositions.

II. Venue and Transfer of Venue

Defendants also move to dismiss the case for improper venue pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure. 28 U.S.C. § 1391(a) provides:

> A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1)

14

a judicial district where any defendant resides,
if all defendants reside in the same State. . . ,
or (3) a judicial district in which any defendant
is subject to personal jurisdiction at the time
the action is commenced, if there is no district
in which the action may otherwise be brought.

28 U.S.C. § 1391(a). Further, section 1391(c) states that,

"[f]or purposes of venue under this chapter, a defendant

that is a corporation shall be deemed to reside in any

judicial district in which it is subject to personal

jurisdiction at the time the action is commenced." 28

U.S.C. § 1391(c). "Thus, 'section 1391(c) equates

jurisdiction with venue . . . for corporate defendants.'"

PDK Labs, Inc. v. Proactive Labs, Inc., 325 F. Supp. 2d

176, 182 (E.D.N.Y. 2004) (quoting Laumann Mfg. Corp. v.

Castings USA, 913 F. Supp. 712, 719 (E.D.N.Y. 1996)). In

this case, venue depends upon personal jurisdiction,[5] which,

as discussed above, cannot be determined at this time;

thus, the motion to dismiss for improper venue is denied.

In the alternative, defendants request that this Court

transfer the action to Superior Court, Atlantic County, New

Jersey. 28 U.S.C. § 1404(a) provides that "[f]or the

convenience of parties and witnesses, in the interest of

---

[5] Section 1391(c) also applies to Marina, which is a multi-member
partnership. See Gen. Elec. Capital Corp. v. Titan Aviation, LLC, No.
06 Civ. 4795, 2007 U.S. Dist. LEXIS 3230, at *21 (S.D.N.Y. Jan. 16,
2007); see also Hsin Ten Enter. USA, Inc. v. Clark Enters., 138 F.
Supp. 2d 449, 458 (S.D.N.Y. 2000) (noting the broad application of
section 1391(c) to include unincorporated associations and
partnerships).

justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). "Section 1404(a), by its very terms, speaks to federal courts. . . . It does not speak to state courts. . . . Its limited purpose is to authorize, under certain circumstances, the transfer of a civil action from one federal forum to another federal forum in which the action 'might have been brought.'" Pope v. Atl. Coast Line R.R. Co., 345 U.S. 379, 384 (1953). Because Superior Court, Atlantic County, New Jersey is a state court and not a federal court, this Court does not have the power to transfer this action to that forum. Therefore, defendants' motion to transfer is denied.

## CONCLUSION

For the reasons set forth herein, defendants' motion to dismiss for lack of personal jurisdiction, as it relates to HOC, is DENIED with prejudice, and, as it relates to Marina, HNJ, HAC, and HEI, is DENIED without prejudice. Defendants' motion to dismiss for improper venue is DENIED and defendants' motion to transfer venue is DENIED. The parties are ORDERED to appear before this Court at 500 Pearl Street, Courtroom 18B, for a pre-trial conference on May 22, 2008 at 11:00 a.m.

**SO ORDERED.**

**New York, New York**

April **24**, 2008

_____
U.S.D.J.